UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER

UNITED STATES OF AMERICA,    :
    Plaintiff,    :
v.    :
BARRY SMITH, et al.,    :
    Defendants.    :



**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on June 23, 2000, a hearing was held to determine whether the defendant **Barry Smith** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Barry Smith** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with conspiracy to possess with intent to distribute cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and

841(a)(1), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Therefore, the defendant is charged with an offense involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that from December 1996 through September 1999, Barry and Bernard Smith (who are brothers) headed an organization responsible for the distribution of more than 350 kilograms of cocaine in Georgia and North Carolina. The cocaine was transported by couriers employed by the Smith brothers, including Raymond Hicks, a Broward Sheriff's Deputy, Earl Parker and Bernard Jones. During the course of the investigation, a wire intercept was authorized by United States District Judge Wilkie D. Ferguson, Jr., pursuant to which approximately 10,000 telephone conversations were recorded. Calls involving each of the defendants named in the indictment were intercepted on this wiretap.

According to the Government's proffer, Sam Jones was in charge of the distribution network in Georgia and Florida, and served as Barry Smith's enforcer. A seizure of $63,000 in cash was linked to Jones. Parker managed Barry Smith's drug warehouse for approximately two months, in addition to his activities as a courier. He was directly connected to at least fifty kilograms of cocaine. Hicks used his position as a law enforcement officer to pass along confidential information, including the names of informants, to Barry and Bernard Smith. He carried his police

badge with him while working as a courier for the organization to prevent inquiries from other police officers. Barry and Bernard Smith have utilized aliases and false identification, and likely are responsible for threats that have been made to cooperating witnesses in this case. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he has strong ties to the community and no known felony convictions. However, the defendant has utilized aliases and false identification documents, and faces a very substantial prison term if convicted of the instant charges. Therefore, the defendant must be deemed to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendants conspired to possess with intent to distribute a very substantial amount of cocaine, an offense punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community and a

serious risk of flight if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 27th day of June, 2000.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Kathleen Rice (FTL)
Pretrial Services (FTL)
Nathan Diamond, Esq.