

JUL 28 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6126-CR-ROETTGER/SNOW

6162

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BARRY SMITH, et al., | ) |
| | ) |

### GOVERNMENT'S MOTION TO DELAY
### COMPLIANCE WITH PARAGRAPHS "D" AND "E"
### OF THE STANDING DISCOVERY ORDER
### AND INCORPORATED MEMORANDUM

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorneys, and pursuant to Rule 16(d)(1), *Fed.R.Crim.P.*, respectfully moves the Court for the entry of a protective order permitting the government to delay compliance with paragraphs "D" and "E" of the Standing Discovery Order until five days prior to the commencement of trial, and in support states as follows:

Rule 16(d)(1), *Fed.R.Crim.P.*, permits the court to deny, restrict, or defer pre-trial discovery upon sufficient showing by a party of the need for such action. The Rule provides as follows:

    (d)    Regulation of Discovery.

        (1)    Protection and Modifying Orders. Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate. Upon motion by a party, the court may permit the party to make such showing, in whole or in

> part, in the form of a written statement to be inspected by the judge alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the party's statement shall be sealed and preserved in the record of the court to be made available to the appellate court in the event of an appeal.

The particular areas of discovery for which the government wishes to delay compliance are contained in paragraphs "D" and "E" of the Standing Discovery Order. Those two paragraphs provide:

D. The government shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The government shall supply the defendant with a record of prior convictions of any alleged informant who will testify for the government at trial.

The government objects to immediate compliance with these requirements because to do so would necessarily disclose to the defendants the identity of trial witnesses for whom the government has serious concerns for their safety.

On June 15, 2000, a federal grand jury sitting in Fort Lauderdale, Florida, returned a five-count indictment charging eight members of the SMITH drug trafficking organization with conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846; charging BARRY SMITH and SAM JONES with possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1); and charging BARRY SMITH and WILLIE WALKER with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). Two forfeiture counts are also included. The following

2

individuals are named as defendants in the indictment: BARRY SMITH, BERNARD SMITH, SAM JONES, ELLIOT AIKEN, RAYMOND HICKS, ASIA NELSON, EARL PARKER and WILLIE WALKER. RAYMOND HICKS is a Broward Sheriff's Office Detention Deputy.

Count One of the indictment charges that from December 1996 to September 1999, all eight defendants conspired to possess with intent to distribute cocaine. Counts Two and Three charge several individual defendants with substantive distribution of cocaine and conspiracy to launder drug proceeds. The indictment involves the distribution of hundreds of kilograms of cocaine throughout Florida, Georgia and North Carolina. BARRY and BERNARD SMITH were the leaders of the organization; JONES was a courier and the enforcer for the organization; AIKEN, NELSON and PARKER were all couriers; WALKER served as a mentor; and HICKS not only transported narcotics, but provided confidential law enforcement information, including the identity of informants, to BARRY SMITH.

At the pretrial detention hearings (for defendants BARRY and BERNARD SMITH, RAYMOND HICKS, SAM JONES and EARL PARKER) before United States Magistrate Judge Lurana S. Snow, the Court heard testimony from Special Agent Andrew Thompson, FBI, regarding the efforts by members of the SMITH organization to intimidate potential government witnesses and to uncover the identity of individuals who were cooperating with law enforcement. After hearing this testimony, the Court concluded that each of the defendants should be detained as a danger to the community, and further concluded that HICKS posed a danger to the community, to government witnesses and to law enforcement officers.

Moreover, members of this organization, in particular, BARRY SMITH and SAM JONES, have demonstrated the means and will to commit violent acts and to intimidate witnesses. *See*

*Government's Ex Parte Submission in Support of Motion To Delay Compliance with Paragraphs "D" and "E" of the Standing Discovery Order.*

The government believes that to reveal the identities of the witnesses at this time would needlessly endanger the lives of witnesses and create a real and substantial danger to the community. This concern is not allayed by the fact that all but one of the named defendants in the indictment are detained while pending trial. While only eight members of the SMITH drug trafficking organization have been indicted, the organization has many members (many with violent criminal histories) and connections throughout South Florida and has ties with individuals who have assisted in intimidating potential witnesses. *See Government's Ex Parte Submission.* In addition, several members of the SMITH family who have been linked to the organization have extensive criminal pasts.

The government believes that a deferral of disclosure of "D" and "E" material until immediately prior to the commencement of trial would not prejudice the defendant. As a general rule, lists of prospective government witnesses are not discoverable by the defense, and no provision of the Federal Rules of Criminal Procedure requires it. When the 1975 amendments to the Federal Rules were adopted, Congress rejected proposed *Fed.R.Crim.P.* 16(a)(1)(E), which would have allowed criminal defendants to discover the names and addresses of prospective government witnesses. The Historical Note states that:

> A majority of the conferees believe it is not in the interest of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contact directed at influencing their testimony were deemed paramount concerns in the formation of this policy.

2 *U.S. Code Cong. and Admin. News,* (1975), p. 716.

In *United States v. Brown,* 535 F.2d 424 (8th Cir. 1976), the Court noted the above

Congressional action, and said:

> The amendment was defeated because Congress feared that such disclosure would encourage improper attempts to influence witnesses before trial. On the floor of the Senate, Senator McClellan stated that the congressional decision should be taken as clear disapproval of local rules requiring discovery of witnesses.

*See also, United States v. Mitchell*, 540 F.2d 1163 (3rd Cir. 1976).

While the risks to government witnesses due to early disclosure of "D" and "E" material are great, the legitimate benefits received by the defense are minimal. Promises of rewards or immunity are not by their nature substantive evidence disproving the guilt of the defendant, nor are they the type of evidence that requires investigation by the defense to make effective use of the information. They are merely items of impeachment of the credibility of the witness and have no other value beyond that. The effectiveness of these items to impeach credibility is unaffected by any time span, and they serve their constitutionally-mandated purpose whether disclosed fourteen days after arraignment or the day the witness ascends the stand to testify.

Although the disclosing of government benefits to witnesses may be constitutionally mandated, the timing of such disclosure is not. Neither in *Giglio, supra*, nor *Napue, supra*, nor in any other case, has the Supreme Court stated when such disclosures should be made. The former Fifth Circuit was slightly more specific in *William v. Dutton*, 400 F.2d 797, 800 (5th Cir. 1968), *cert. denied*, 393 U.S. 1105 (1969), where it held that the government has an

> ... Affirmative duty ... to produce at the <u>appropriate time</u>, requested evidence which is materially favorable to the accused either a direct or impeaching evidence.

(Emphasis added).

Neither the Fifth Circuit nor the Eleventh Circuit has ever specifically said what the "appropriate time" may be for disclosure of *Giglio-Napue* material. Like all Circuits though, they

5

have held that no error exists where all promises to government witnesses are disclosed at trial, even if such disclosure had been ordered to occur considerably earlier. In *United States v. Poitier*, 623 F.2d 1017 (5th Cir. 1980) (a case arising from the Southern District of Florida), the government revealed prior to trial that a co-defendant had pled guilty, and that his cooperation would be made known to a sentencing Court. At trial, however, on cross-examination of the co-defendant, who testified as a government witness, it was discovered that the government had also promised to drop five (5) counts of an indictment in exchange for his guilty plea to one (1) count. The defendants moved for a mistrial, which was denied. The Fifth Circuit held in this appeal that:

> Even though there was "very minimal non-compliance with the standing discovery order," ... , the motion for mistrial was correctly denied by the district judge. The existence of the other agreements was before the jury, hence the non-disclosure was harmless error. *United States v. Colver*, 571 F.2d 941, 948. At 1024. *See also, United States v. Fogg*, 652 F.2d 551, 559 (5th Cir. 1981).

The courts that have considered the question have consistently held that impeachment materials, such as those covered by Paragraphs "D" and "E" of this Court's Standing Discovery Order, need not be disclosed to the defense prior to trial. Rather, disclosure of such material is timely, provided that the defense receives it in time to adequately make use of it in preparing its case. *See United States v. O'Neill*, 767 F.2d 780, 783-84 (11th Cir. 1985) (failure to disclose witness' agreement with prosecution for his testimony was not grounds for reversal where the information was disclosed during the trial and was before the jury); *United States v. Darwin*, 757 F.2d 1193, 1201 (11th Cir.), *cert. denied*, 106 S.Ct. 106 (1985) (No prejudice found where government's disclosure of *Brady* material disclosed <u>after</u> witness had testified and defendant could have recalled witness for further questioning); *United States v. Montes-Cardenas*, 746 F.2d 771, 781 (11th Cir. 1984) (Disclosure of *Giglio* material on the day of trial accomplishes the purpose of the *Giglio*

6

doctrine); *United States v. Peters*, 732 F.2d 1004, 1009 (1st Cir. 1984) (No denial of due process where government disclosed *Brady* material after four days of trial and defense was able to use the disclosed material effectively in preparing and presenting their case); *United States v. Kopituk*, 690 F.2d 1289, 1341 (11th Cir. 1982), *cert. denied*, 461 U.S. 928 (1983) (Defendants not deprived of fair trial where there was a mere delay in the transmittal of *Brady* material and defendants were able to fully and effectively utilize the information); *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982) (Nothing in *Brady* requires that *Giglio* material be disclosed prior to trial, so long as the ultimate disclosure of that material is made before it is too late for the defendant to make use of it); *United States v. Rinn*, 586 F.2d 113, 118-119 (9th Cir. 1978), *cert. denied*, 441 U.S. 931 (1970) (Since information concerning "favors or deals" merely goes to the credibility of the witness it need not be disclosed prior to the witness testifying).

In the instant case, it is clear that deferring disclosure of *Giglio* information concerning payments or promises made to witnesses or concerning any witness' criminal record until five days prior to the commencement of trial, will not prejudice the defendants' ability to adequately prepare for trial. While the risks to the witnesses due to early disclosure of "D" and "E" material are great, the legitimate benefits received by the defense are minimal. Promises of rewards or immunity and such are not by their nature substantive evidence disproving the guilt of the defendants, nor are they the type of evidence that requires investigation by the defense to make effective use of the information. They are merely items of impeachment of the credibility of the witness, and have no other value beyond that. Impeachment of government witnesses by cross-examining them concerning any "deals" they may have with the government or concerning their criminal record is a standard defense technique, hence, providing the defendants with *Giglio/Napue* materials five days

prior to jury selection will give them more than an adequate opportunity to incorporate those materials into defense strategies. [1]

WHEREFORE, the government respectfully requests that the instant motion to delay compliance with paragraphs "D" and "E" of the Court's Standing Discovery Order be granted and that the government be allowed to delay disclosure of such materials until five days before the commencement of trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

THERESA M.B. VAN VLIET
Assistant United States Attorney
KATHLEEN RICE
Assistant United States Attorney
Florida Bar No.100765
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

---

[1] Even in those instances where the government has totally failed to disclose *Giglio* material to the defense, the courts have refused to find prejudice to the defendant's ability to prepare his defense so long as the *Giglio* material is brought to the jury's attention prior to presentation of the defense case. *See United States v. Cochran*, 697 F.2d 600, 607 (5th Cir. 1983) (the defendants were able to adequately prepare their defenses when information concerning a witness' arrangement with the government was brought out on cross-examination of other witnesses at trial); *United States v. Joseph*, 533 F.2d 282, 286 (5th Cir. 1976); *cert. denied*, 431 U.S. 905 (1977) (information concerning an informant's arrangement with the government could only have been used to impeach the credibility of the informant, and its existence was brought before the jury on cross-examination, prior to the presentation of the defendant's case. The defendant's case therefore was not prejudiced by the government's failure to disclose). C.f., *United States v. Felts*, 497 F.2d 80, 82 (5th Cir.), *cert. denied*, 419 U.S. 1051 (1974) (the defendant had an adequate opportunity to prepare his entrapment defense even though information about the informant was first revealed in the government's case-in-chief).

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 28th day of July, 2000, to: Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Florida 33129-2335; Jorge Sibila, Esquire, 2246 SW 1st Street, Miami, Florida 33135-1513; Patrick Hunt, Esquire, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301; Martin A. Feigenbaum, Esquire, Museum Tower - Suite 1565, 150 West Flagler Street, Miami, Florida 33130; Steven Kassner, Esquire, 815 Ponce de Leon Boulevard, Suite 303, Coral Gables, Florida 33134-3007; Manuel Gonzalez, Jr., Esquire, 780 NW 42nd Avenue, Suite 318, Miami, Florida 33126-5536; Vincent Flynn, Esquire, 1221 Brickell Avenue, Suite 602, Miami, Florida 33131-3260; and Michael Entin, Esquire, One East Broward Boulevard, Suite 1500, Fort Lauderdale, Florida 33301.

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY