NON-COMPLIANCE OF S.D. fla. L.R. 5.1(A)(1)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-6162-Cr-NCR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BERNARD SMITH,

    Defendant.
_____/

## DEFENDANT BERNARD SMITH'S APPEAL FROM ORDER GRANTING GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

COME NOW, the Defendant, BERNARD SMITH, ("Mr. Smith") by and through his undersigned counsel and pursuant to 18 U.S.C. §§3145(A)(I),(2) and 3145(B), and files his Appeal from Order Granting Government's Motion for Pretrial Detention. In support thereof, he states as follows:

### A. PROCEDURAL HISTORY

1.    On June 23, 2000, "Mr. Smith" appeared before United States Magistrate Judge Lurana Snow ("Magistrate") for a pretrial detention hearing following a government motion to detain Mr. Smith pretrial. A true, full and correct copy of the transcript of that hearing is attached hereto as T1.

2.    At that hearing, the government was allowed to proceed by

1

proffer. (T1:3-11). In its proffer, the government essentially took the position that Mr. Smith was the head of a drug trafficking organization in Fort Lauderdale which transported and distributed cocaine from South Florida to Northern Florida, Georgia and North Carolina from December 1996 through September 1999.

3.  The defense then cross-examined Special Agent Andrew Thompson ("S/A Thompson"). He adopted the government's proffer as his own and then testified on cross-examination (T1:12-50).

4.  At the conclusion of the hearing, the Court entered an order detaining Mr. Smith citing danger to the community and risk of flight (T1:62-63).

### B. ARGUMENT AND MEMORANDUM OF LAW

Mr. Smith was indicted in this district on June 15, 2000 charging a drug conspiracy from December 1996 to August or September 1999. (T1:4) Allegedly, Mr. Smith was involved in possession with intent to distribute 350 kilograms of cocaine with others. (Id.). Of the more than five months of wiretaps, amounting to over 10,000 tapes, there is no video or audio surveillance by law enforcement, nor any independent eye witness evidence that corroborates the cooperating defendant's statements. (T1:22) The government's entire case rests solely on the testimony of cooperating defendants looking to reduce their sentence (T1:13)

In 1992, the government also relied on its cooperating defendants with regard to Mr. Smith, and indicted him for similar drug charges. However, that case was dismissed based on Judge Zloch's finding that the government

informant was lying. In that case, Mr. Smith forced a minimum mandatory sentence as well but was admitted to a responsible bond. (T1:52-53). As in the 1992 case, this case rests solely on cooperating defendants statements which are all looking to reduce their sentence.

### I. DANGER TO THE COMMUNITY ARGUMENT

The government based its danger to the community argument as to Mr. Smith on both his alleged role as the leader of the "Smith drug trafficking organization" and the number of months of imprisonment he faces if convicted. It is undisputed that Mr. Smith is the owner of B&B Trucking, which imports one single product, that is Coca-Cola. The trucks are driven from Fort Lauderdale/Hollywood Area to Palm Beach and Jacksonville. The government alleges, however, that Mr. Smith tampered with the products in order to coordinate the delivery of cocaine through the use of the tractor-trailer trucks, thereby insulating the cocaine from detection. (T1:8). However, such tampering is implausible due to the fact that when the trucks are loaded, a lock and seal is placed on the merchandise in the warehouse (in Miami). That seal must be intact upon delivery in order for the consignee to accept the shipment at its destination. (T1:20). S/A Thompson conceded to knowledge of such a seal on the products and the fact that the seal had to be intact upon arrival at its ultimate destination thereby precluding the government allegations of any tampering with the products by Mr. Smith. (T1:20-21).

The only drugs seized in this case occurred in North Carolina and amounted to a total of 1.6 kilos of cocaine. (Id at 12). However, Mr. Smith cannot be placed at any point in North Carolina at or around the time of that seizure. (T1:12) Moreover, there is absolutely no evidence linking him to that drug seizure, no fingerprints, no witnesses, no surveillance. (T1:22) The only evidence the government relies on to link Mr. Smith to the drugs are uncorroborated statements made by informant/defendants seeking to reduce their sentences with obvious motives to lie. (Id. at 12-16)

The one and only money seizure in this case was for a total of $60,000 and was not even seized in the Southern District of Florida, but rather also in North Carolina. (T1:14). Again, there are no independent eye witness statements, no surveillance nor any other evidence linking Mr. Smith to this money seized. (T1:14-17)

The government also proffered to the Court that Mr. Smith had made veiled threats to individuals to substantiate its danger to the community argument. However, S/A Thompson stated that no one has ever received any express or veiled threat directly from Mr. Smith. (T1:21-22) Further, proof that Mr. Smith is not a danger to the community is the fact that for over two and a half years he has been under investigation by the government. The government could not have considered him a danger to the community if they did not see fit to arrest him for such a long period of time, but rather allowed him to live at large with the public. (T1:56).

## II. RISK OF FLIGHT ARGUMENT

The government also moved for pre-trial detention based on risk of flight citing Mr. Smith's alleged propensity for using false identification, aliases and/or false Social Security numbers. (T1: 9). However, there is not a <u>scintilla</u> of evidence, absent uncorroborated informant/defendants seeking to reduce their sentences, which proves Mr. Smith ever used false identification. (T1: 19). S/A Thompson testified that he never seized any false Social Security cards or numbers from Mr. Smith nor any false identification from him. (T1:19). Again, the government's proof of such allegations rests solely on bald statements by informant/defendants. (T1:19).

Mr. Smith is not a flight risk. He was aware for well over a year before his arrest that he was under federal investigation and did not flee nor move his residence. Instead, he made himself available to the U.S. Attorney's Office as well as S/A Thompson should they need him to answer questions (T1:18). Mr. Smith also agreed to voluntarily surrender himself if in fact he was required to in this case. (T1:18). The aforementioned facts prove that he is not a flight risk.

The entire case against Mr. Smith rests on informants motivated to obtain sentence reductions and immunity for their own wrongdoing. There is absolutely no objective or independent corroboration to the testimony of any one of these witnesses.

Mr. Smith has lawful status in this country. He is a U.S. citizen born and raised in the United States. He has been lawfully and gainfully employed and

has filed his income taxes for all years and with no criminal convictions. He has lived openly and notoriously in the United States and has not traveled outside of this country nor own any foreign assets. He has never used an alias nor ever been absent from the jurisdiction for any sinister purpose. Mr. Smith is not a risk of flight.

Mr. Smith was previously indicted in this district. In that case, which carried an equal if not longer sentence and (apparently) stronger evidence, and in which Mr. Smith was absolved of all charges. A United States Magistrate saw fit to grant him a $100,000 corporate surety bond. Mr. Smith appeared at each and every hearing and never attempted to flee his obligations to this court in that case. He has no greater reason to do so now.

### C. RELIEF REQUESTED AND MEMORANDUM OF LAW

Through this appeal, we respectfully request more than "simple review" of the Magistrate's decision regarding pretrial detention. Rather, we seek a plenary de novo hearing (specifically as to one of the issues which supported the order of pretrial detention, that being risk of flight). Under the circumstances, this Honorable Court should conduct such a hearing. U.S. v. Medina, 775 F.2d 1398 (11th Cir. 1985).

Mr. Smith respectfully requests a prompt hearing on this appeal/review and a prompt determination following that hearing as prescribed by Title 18 U.S.C. §3145(a),(b). We respectfully submit that this hearing will require about one hour on behalf of Mr. Smith.

6

Attached hereto is an Appendix which contains the pretrial detention hearing transcript so that this Honorable Court can have a preview of the presentation before the Magistrate which justifies a de novo hearing.

D. CONCLUSION

Pretrial detention is not justified in this case. Mr. Smith should be admitted to a reasonable bond.

Respectfully submitted,

Richard J. Diaz
F.B.N. 0767697
2701 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 285-1122
Facsimile: (305) 285-0354
e-mail: rick@rjdpa.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23rd day of August, 2000 to Kathleen Price, Esq., Assistant U.S. Attorney, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33301.

Richard J. Diaz, Esq.

mswd\fed\smith\appeal-ptd\mvg\4652

CASE # 00-CR-6162-NCR



# "Do Not Scan or Copy This Transcript."

DE # 114

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                       FORT LAUDERDALE DIVISION
 3
 4
 5   UNITED STATES OF AMERICA,              No: 00-6162-CR-NCR
 6              Plaintiff,                  Ft. Lauderdale, FL
                                            June 23, 2000
 7        v.
 8   BERNARD SMITH and
     BARRY SMITH,
 9
                  Defendant(s).             COPY
10   _____/
11
12
             TRANSCRIPT OF PRETRIAL DETENTION HEARING
13           BEFORE THE HONORABLE LURANA S. SNOW,
                UNITED STATES MAGISTRATE JUDGE.
14
15   APPEARANCES:
16
     For the Plaintiff:       KATHLEEN PRICE,
17                            Asst. U. S. Attorney
                              99 N.E. 4th Street
18                            Miami, Florida  33132-2111
19   For Bernard Smith:       RICK DIAZ, ESQ.
20   For Barry Smith:         RICK DIAZ, ESQ.
21   For Sam Jones:           PATRICK HUNT, ESQ.
22
23
24   Transcriber:             F. Levy
25
                     Accurate Reporting Services, Inc.
                               Third Floor
                          172 West Flagler Street
                           Miami, Florida 33130
```



114

2

I N D E X
CROSS EXAMINATION
BY MR. DIAZ . . . . . . . . . . . . . . . . . . . . . . 12

CROSS EXAMINATION
BY MR. HUNT . . . . . . . . . . . . . . . . . . . . . . 27

REDIRECT EXAMINATION
BY MS. BUCKNER . . . . . . . . . . . . . . . . . . . . 48

RECROSS EXAMINATION
BY MR. HUNT . . . . . . . . . . . . . . . . . . . . . . 49

RECROSS EXAMINATION
BY MR. DIAZ . . . . . . . . . . . . . . . . . . . . . . 49

**TRANSCRIPT**

**NOT**

**SCANNED**

PLEASE REFER TO COURT FILE