cr-06162-PAS  Document 133  Entered on FLSD Docket 09/19/2000  F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER

UNITED STATES OF AMERICA,      :

    Plaintiff,      :

v.      :

BARRY SMITH, et al.,      :

    Defendants.      :



FILED by ___ D.C.

SEP 1 5 2000

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on September 14, 2000, hearing was held to determine whether the defendant **Elliot Aiken** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Elliot Aiken** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The defendant is charged with conspiracy to possess with intent to distribute cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and

133

841(a)(1). Therefore, the defendant is charged with an offense involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

    2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that from December 1996 through September 1999, Barry and Bernard Smith (who are brothers) headed an organization responsible for the distribution of more than 350 kilograms of cocaine in Georgia and North Carolina. The cocaine was transported by couriers employed by the Smith brothers, including Raymond Hicks, a Broward Sheriff's Deputy, Earl Parker, Elliot Aiken and Bernard Jones. During the course of the investigation, a wire intercept was authorized by United States District Judge Wilkie D. Ferguson, Jr., pursuant to which approximately 10,000 telephone conversations were recorded. Calls involving each of the defendants named in the indictment were intercepted on this wiretap.

    According to the Government's proffer, Elliot Aiken was a courier for Barry and Bernard Smith, and frequently delivered multi-kilogram quantities of cocaine to their warehouse. Additionally, the defendant used his Coconut Creek residence to cook cocaine powder into crack cocaine. 18 U.S.C. § 3142(g)(2).

    3. The pertinent history and characteristics of the defendant are that he has strong ties to the community and does not appear to be a risk of flight. However, the defendant has a 1992 federal conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. United States District Judge

Stafford of the Northern District of Florida sentenced the defendant to a prison term of 192 months, followed by five years of supervised release. Later the defendant's sentence was reduced to approximately five years, based on his efforts to cooperate. On March 29, 2000, Judge Stafford sentenced the defendant to an additional four months imprisonment for violation of supervised release. Moreover, the offense alleged in the instant indictment was committed while the defendant was on supervised release. 18 U.S.C. § 3142(g)(3)(A) and (B).

   4. There is probable cause to believe the defendants conspired to possess with intent to distribute a very substantial amount of cocaine, an offense punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

   5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

   Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

       (a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility

separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 15th day of June, 2000.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Kathleen Rice (FTL)
Pretrial Services (FTL)
Michael Entin, Esq.

4