


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-6162-Cr-Roettger / Seltzer

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BERNARD SMITH, BARRY SMITH,
WILLIE WALKER and ASIA NELSON,

    Defendants.

_____/

## DEFENDANTS, BERNARD SMITH, BARRY SMITH, WILLIE WALKER AND ASIA NELSON'S MOTION TO REQUIRE GOVERNMENT TO PRODUCE PRE-SENTENCE INVESTIGATION REPORTS OF GOVERNMENT WITNESSES FOR IN CAMERA INSPECTION BY THE COURT AND MEMORANDUM OF LAW

COME NOW the Defendants, BERNARD SMITH, BARRY SMITH, WILLIE

WALKER and ASIA NELSON, by and through their undersigned counsel, and move this

Honorable Court for the entry of its order requiring the government to produce for in

camera review by the Court the pre-sentence reports ("PSI") prepared by the United States

Probation Office with respect to government cooperating witnesses, and co-defendants in

this case, Sam Jones and Earl Parker. For grounds, the defendants would aver:

    1.    The government has identified at least the two above "government

cooperating witnesses" to defense counsel. We believe there may be others.1

    2.    Pursuant to the case authorities cited below, the Defendants seek to have the

PSI reports of these government witnesses reviewed by this Court in camera and to

---

1 This request applies to any and all government witnesses who are federally convicted felons and who had a PSI prepared in their case(s).

1



thereafter have this Court provide to the defense all portions of these PSI reports that constitute material discoverable under the dictates of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Giglio v. United States</u>, 405 U.S. 150 (1972), their progeny, and the standing discovery order entered in this case.

3.    In accordance with Rule 32(c)(3)(C) of the <u>Federal Rules of Criminal Procedure</u>, copies of the PSI reports of the above-named witnesses were provided to the prosecutors in their respective cases so that these prosecutors could make use of these reports at the witnesses' sentencing hearings.    Accordingly, such reports are constructively within the possession and control of the prosecutor in <u>this</u> case.   <u>See</u>, <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 57 (1987); <u>United States v. Perdomo</u>, 929 F.2d 967, 970 (3rd Cir. 1991); <u>United States v. Brooks</u>, 51 Cr.L. 1303 (D.C. Cir. June 19, 1992).

4.    The courts have uniformly concluded that the PSI reports of witnesses should be reviewed <u>in camera</u> by the trial court and that those portions of the reports containing <u>Brady</u> material should thereafter be turned over to the defense.   <u>See</u>, <u>e.g.</u>, <u>United States v. Jackson</u>, 978 F.2d 903, 909 (5th Cir. 1992) ("Because pre-sentence reports are necessarily confidential, the district court should examine the report <u>in camera</u> and release any exculpatory or impeachment material to the defendant while protecting the confidentiality of the rest of the report."); <u>United States v. Anderson</u>, 724 F.2d 596, 598 (7th Cir. 1984)(Upon request, the court should make an <u>in camera</u> review and reveal to the defendant only "portions of the report that contain the impeaching material.") <u>United States v. DeVore</u>, 839 F.2d 1330, 1332 (8th Cir. 1988)(approving district court's <u>in camera</u> review of requested PSI and release to the defendant of only the portion of the report containing co-defendant's version of the robbery); <u>United States v. Cyphers</u>, 553 F.2d 1064, 1068 (7th Cir.), <u>cert. denied</u>, 434 U.S. 843 (1977). <u>See also</u>: <u>United States v. Sasser</u>, 971 F.2d 470 (10th Cir.), <u>cert. denied</u> 113 U.S. 1292 (1993); <u>United States v.</u>

Moore, 949 F.2d 68 (2nd Cir.) cert. denied sub nom. Salami v. United States, 112 U.S. 1678 (1992)(wherein the government agreed that the district court was under an obligation to examine witnesses' pre-sentence reports in camera.)

WHEREFORE, based upon the foregoing, the defendant prays this Honorable Court will require the government to produce for the court's in camera review the PSI reports of the government's witnesses to whom there apply. Upon such review, we request that we be provided with any material contained therein discoverable pursuant to the dictates of Brady, Agurs, Giglio, all supra, and the standing discovery order entered in this case.

Respectfully submitted,

Richard J. Diaz, Esq.
(For all Defendants named herein)
2701 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 285-1122
Facsimile: (305) 285-0354
F.B.N. 0767697
e-mail: rick@rjdpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 10th day of August, 2001 to Kathleen Rice, AUSA, 500 East Broward Blvd. 7th Floor, Ft. Lauderdale, FL 33394, Vincent Flynn, Esq., 1221 Brickell Avenue, Suite 602, Miami, FL 33131, Manuel Gonzalez, Esq., 782 N.W. Le Jeune Rd., Suite 318, Miami, FL 33126, and Randee J. Golder, Esq., P.O. Box 3756 Boynton Beach, FL 33424.

Richard J. Diaz, Esq.

3