UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW(s)(s)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **NIGHT BOX**<br>**FILED** |
| | ) | |
| Plaintiff, | ) | AUG 2 7 2001 |
| | ) | |
| vs. | ) | CLARENCE MADDOX |
| | ) | CLERK, USDC / SDFL / FTL |
| BARRY SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States

respectfully requests that the following jury instructions be given at trial in the above case. The

Government further requests that the parties be allowed to propose such additional instructions as

become appropriate based on the trial testimony, and that they be informed prior to closing

arguments which instructions the Court will accept and which it will reject.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: 

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 100765
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7255, ext. 3512
Facsimile: (954) 356-7336



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand-delivered this $22$

day of August, 2001, to: Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Florida

33129-2335; Randee Golder, Esquire, Post Office Box 3756, Boynton Beach, Florida 33424;

Michael Bloom, Esquire, 3225 Aviation Avenue, Suite 300, Coconut Grove, Florida 33133;

Manuel Gonzalez, Jr., Esquire, 780 NW 42nd Avenue, Suite 318, Miami, Florida 33126-5536;

Vincent Flynn, Esquire, 1221 Brickell Avenue, Suite 602, Miami, Florida 33131-3260; and

Michael Entin, Esquire, One East Broward Boulevard, Suite 925, Fort Lauderdale, Florida

33301.

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BARRY SMITH, BERNARD SMITH, | ) |
| ELLIOT AIKEN, RAYMOND HICKS, | ) |
| ASIA NELSON and WILLIE WALKER, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in

deciding this case. When I have finished you will go to the jury room and begin your discussions

- - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable

doubt the specific facts necessary to find each Defendant guilty of the crimes charged in the

indictment.

**Duty to Follow Instructions**
**Presumption of Innocence**

You must make your decision only on the basis of the testimony and other evidence

presented here during the trial; and you must not be influenced in any way by either sympathy or

prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or

not; and you must follow all of my instructions as a whole. You may not single out, or disregard,

any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed,

every Defendant is presumed by the law to be innocent. The law does not require a Defendant to

prove innocence or to produce any evidence at all. The Government has the burden of proving a

Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant

not guilty.

**2.2**

**Duty to Follow Instructions**
**Presumption of Innocence**
**(When Any Defendant Does Not Testify)**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**Definition of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**4.2**
**Consideration of the Evidence, Direct**
**and Circumstantial - - Argument of Counsel**
**Comments by the Court**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

5

## Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**6.1**

## Impeachment
## Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**6.2**

**Impeachment**

**Inconsistent Statement and Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Impeachment
## Inconsistent Statement and Felony Conviction
### (Defendant testifies with felony conviction)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime for which the Defendant is on trial.

### 1.1 and 1.2
### Accomplice - Informer - Immunity
### Co-defendant - Plea Agreement

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence that the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## Similar Acts Evidence
### (Rule 404(b), Federal Rules of Evidence)

During the course of the trial, as you know from the instructions I gave you then, you

heard evidence of acts of the Defendant which may be similar to those charged in the indictment,

but which were committed on other occasions. You must not consider any of this evidence in

deciding if the Defendant committed the acts charged in the indictment. However, you may

consider this evidence for other, very limited purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant

did commit the acts charged in the indictment, then you may consider evidence of the similar acts

allegedly committed on other occasions to determine whether the Defendant had the state of

mind or intent necessary to commit the crime charged in the indictment or whether the Defendant

acted according to a plan or in preparation for commission of a crime or whether the Defendant

committed the acts for which the Defendant is on trial by accidence or mistake.

## CONSCIOUSNESS OF GUILT

You may recall there was some evidence in this case tending to indicate that a defendant contacted a witness in this case and attempted to intimidate him and have him change his recollection of events. This evidence, if the jury believes it, is not evidence of guilt with respect to the offense or offenses with which the defendant is charged in this case, nor does it create a presumption of guilt. Some innocent people charged with serious offenses may resort to various means both lawful and unlawful calculated to insulate them from successful prosecution. You may consider this evidence, however, if you believe it, as tending to prove the defendant's consciousness of guilt or as relevant to intent or the absence of mistake or as tending to establish the identify of the person charged with the commission of the crime. If any of these circumstances seems relevant to you, you may consider this evidence, if you believe it, along with all of the other evidence in the case and give it such weight as in your judgment it is entitled to receive.

---

See  United States v. Turner, 485 F.2d 976 (DC Cir. 1973); see also United States v. Hayden, 85 F.3d 153, 159(4th Cir 1996) ("Evidence of witness intimidation is admissible to prove consciousness of guilt . . . under Rule 404(b), if the evidence (1) is related to the offense charged and(2) is reliable"; and United States v. Guerrero-Cortez, 110 F.3d 647, 652 (8th Cir.) (acknowledging that "[a]n effort to intimidate a witness tends to show consciousness of guilt" and therefore is admissible under Rule 404(b), cert denied,  118 S.Ct. 604 (1997).

**Notetaking**

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

**75**

**Controlled Substances
(Conspiracy)**

21 U.S.C. § 846

Title 21, United States Code, Section 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1). Section 841(a)(1) makes it a crime for anyone to knowingly distribute cocaine.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is *not* necessary for the Government to prove that all of the people named in the Indictment were members of the scheme, *or* that those who *were* members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case *must* show beyond a reasonable doubt is:

First:    That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though

the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## Money Laundering
## (Conspiracy)

18 U.S.C. § 1956(h)

Title 18, United States Code, Section 1956(h), makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Section 1956(a)(1)(B)(i) makes it a crime for anyone, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct or attempt to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, knowing that the transaction is designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of such proceeds.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the Indictment were members of the scheme, or that those who were members had entered into any formal agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

| First: | That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and |
|---|---|
| Second: | That each Defendant knowing the unlawful purpose of the plan, willfully joined in it. |

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.

So, if a Defendant has an understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy, even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interest, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

The term "conducted" means initiating, concluding or participating in initiating or concluding a transaction.

The term "transaction" means a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition of funds or property.

The term "financial transaction" includes a transaction which in any way or degree affects interstate commerce involving (a) the movement of funds by wire or other means or (b) one or more "monetary instruments" which includes coin or currency of any country, travelers or personal checks, bank checks or money orders.

It is not necessary for the Government to show that each Defendant actually intended or anticipated an effect on interstate commerce, or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the Defendant's actions would be to affect interstate commerce, no matter how minimal.

The term "knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity" means that the Defendant knew that such funds or property represented proceeds from some form, though not necessarily which form,

of a felony offense under state or Federal law. You are instructed that conspiracy to possess with

intent to distribute cocaine constitutes a felony punishable under the laws of the United States.

The term "specified unlawful activity" means the illegal distribution of cocaine.

_____

Eleventh Circuit Pattern Jury Instructions 60.2 and 75 (1997)

**9.1**

## On or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something which the law forbids; that is, with the bad purpose either to disobey or disregard the law.

**10.4**

## Caution - - Punishment
## (Multiple Defendants - - Multiple Counts)

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty as to any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

11

## Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

12

### Verdict

When you go to the jury room you should first select one of your members to act as your

foreperson. The foreperson will preside over your deliberations and will speak for you here in

court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous

agreement you will have your foreperson fill in the verdict form, date and sign it, and then return

to the courtroom.

If you should desire to communicate with me at any time, please write down your

message or question and pass the note to the marshal who will bring it to my attention. I will

then respond as promptly as possible, either in writing or by having you returned to the

courtroom so that I can address you orally. I caution you, however, with regard to any message

or question you might send, that you should not tell me your numerical division at the time.