UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )
                                     )
BARRY SMITH, et. al.,                )
                                     )
            Defendants.              )
_____    )

## **GOVERNMENT'S MOTION IN LIMINE**

COMES NOW, the United States of America, by and through the undersigned Assistant

United States Attorney, and files this motion in limine to preclude counsel for the defendants

from impeaching Government witnesses with reports of interviews, including FBI 302's, which

have neither been reviewed nor adopted by the witnesses and which do not constitute witness

statements under the *Jencks Act*. In support thereof, the Government states as follows:

On August 24, 2001, the Government provided to all defense counsel reports of

interviews of Government witnesses. These reports were provided in response to the Court's

concern that defense counsel may be unaware as to the total nature of the evidence against the

defendants. In this case, cooperating witnesses and defendants were interviewed by law

enforcement agents. These interviews were reduced to FBI 302's. These documents do not

contain verbatim statements of the person being interviewed, but are rather summaries of what



the witness said based on the rough notes of the agent. These reports, written primarily by
Special Agent Andrew Thompson, Federal Bureau of Investigation, are not verbatim summaries
of witness interviews. Nor has any witness seen or adopted any of these reports as his own.

It is well settled that a law enforcement agent's reports of interview may not be used to
impeach the testimony the witness who was interviewed because such reports do not constitute
witness statements under 18 U.S.C. § 3500 or Fed. R. Crim. Pro. 26.2. Because these reports are
not the statement of the witness their production is disfavored because they "would threaten the
witness with impeachment on the basis of statements that they did not make." United States v.
Judon, 581 F.2d 553, 555 (5th Cir. 1977).

In United States Martinez, 87 F.3d 731 (5th Cir. 1996), the district court ordered the
government to produce an agent's report of what a witness had told the agent. The government
resisted production and perfected a pre-trial appeal of the court's decision. 87 F.3d at 734. The
Court reversed and reaffirmed its holding in Judon that reports of interviews by agents do not
constitute Jencks Act material. Thus the holding in Judon remains valid and the United States is
not obligated to disclose agent summary reports of witness interviews. United States v. Martinez
87 F.3d at 739.

Because an agent's report of an interview is not attributable as a witness statement, it may
not be used to impeach the testimony of that witness. Consequently, such reports do not fall
within the constitutional definition of material evidence that must be disclosed to the defendant.[1]

---

[1] As the court noted in United States v. Martinez, 87 F.3d at 739, there is the possibility
that reports of witness interviews may contain exculpatory material, however, the mere fact they
could be used to impeach a witness on some point does not require the report to be disclosed.
Rather the report need only be disclosed if it clearly shows a material difference between the
information given during an interview and the witnesses's testimony at trial e.g., an initial

It is the Government's position that the reports of interview do not constitute *Jencks* statements of any witness in this case as Special Agent Thompson will most likely not be testifying regarding any of the information set forth in these reports. To the extent that Special Agent Thompson does testify about this information, the reports are his witness statements, not those of the cooperating witnesses.

WHEREFORE, the Government respectfully requests that the Court grant this motion in limine and preclude counsel for the defendants from impeaching Government witnesses with the reports of witness interviews which they have not seen, reviewed or adopted and which do not constitute *Jencks* material.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 100765
NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

_____

interview of a cooperating witness in which he or she witness denied his or her criminal responsibility. In this regard the, the government notes that Grasso initially denied his responsibility, and this report of interview has already been disclosed to the defense.

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-delivered

to all counsel of record this 27th day of April, 2001.

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

4