cr-06162-PAS Document 283 Entered on FLSD Docket 09/17/2001



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| BARRY SMITH, et. al., | ) |
| | ) |

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF OBJECTION TO TESTIMONY
### PERTAINING TO MARITAL CONFIDENTIAL COMMUNICATIONS

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files this memorandum of law in support of its objection to the anticipated trial testimony of the former wife of Government witness, Ancel Pratt. The Government asserts that such testimony, inasmuch as it implicates the marital confidential communications privilege, should be precluded.

There are two recognized kinds of marital privilege: the marital confidential communications privilege and the spousal testimonial privilege. The marital confidential communications privilege applies to communications made during the course of the marriage and survives even after a marriage has been terminated. *See United States v. Singleton*, 2001 WL 893304, n.2 (11th Cir.). In contrast to the spousal testimonial privilege, the marital confidential communications privilege may be asserted by the non-testifying spouse. *Id.*

In this case, the defense seeks to call the former wife of Government witness Ancel Pratt



to testify as to Mr. Pratt's truthfulness during the course of their marriage. Presumably, the defense is seeking to elicit this opinion testimony pursuant to Rule 608(a) of the Federal Rules of Evidence. As Mrs. Pratt's opinion of Ancel Pratt's truthfulness is premised on and inextricably intertwined with confidential marital communications, the Government objects to such testimony as Mr. Pratt has not waived his privilege in this regard. The introduction of such testimony would, therefore, violate the marital communications privilege.

The defense in this case has already had ample opportunity to cross-examine Mr. Pratt regarding his credibility as a witness in this case. Because the defense has had this opportunity to "test the truth" of Mr. Pratt's testimony, there is no prejudice to them in precluding the testimony of Mrs. Pratt. *See United States v. Brown*, 634 F.2d 819 (5th Cir. 1981).

WHEREFORE, the Government respectfully requests that the testimony of the former wife of Ancel Pratt be precluded as violative of the marital confidential communications privilege.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _Kathleen Rice_
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 100765
NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 14th day of September, 2001, to: Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Florida 33129-2335.

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY